**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3179
_____

JUDITH INSELBERG VAN ETTEN,
Appellant

v.

WELLS FARGO BANK, NA
_____

On Appeal from the United States District Court
For the District of New Jersey
(District Court No. 2:18-cv-11638)
District Judge:  Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) December 5, 2023
_____

Before:  SHWARTZ, CHUNG and MCKEE, Circuit Judges.

(Opinion Filed: February 27, 2024)
_____

OPINION[1]
_____

MCKEE, Circuit Judge.

_____

_____

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Judith Van Etten sued Wells Fargo Bank, NA, the servicer of her mortgage modification, claiming that the Loan Modification violated (i) the New Jersey Consumer Fraud Act ("CFA")[2] and (ii) the implied covenant of good faith and fair dealing. Finding that Van Etten's claims are preempted, the District Court granted summary judgment in favor of Wells Fargo.

The only question properly presented on appeal is whether Van Etten's claims are preempted by the United States Department of Treasury's Home Affordable Modification Program ("HAMP") regulations.[3] While Van Etten's Complaint is less than a model of clarity, making it difficult to ascertain the remedy requested or whether we have the power to grant it, Count I nevertheless alleges consumer fraud under the CFA and Count II alleges breach of the implied covenant of good faith and fair dealing.

The District Court read Van Etten's Complaint as alleging that her Loan Modification was predatory.[4] The Court found that Van Etten had conceded that her

---

[2] N.J. Stat. Ann. § 56:8-2.

[3] In 2009, the Secretary of the Treasury, in combination with the Federal Housing Finance Agency, Fannie Mae, and Freddie Mac, established the Making Home Affordable Program ("MHA") which included HAMP as one of its systems. *See generally* U.S. Dep't. of the Treas., Making Home Affordable Handbook, 69–163 (Version 4.3 Sept. 16, 2013) ("MHA Handbook"). The goal of HAMP is to offer loan modifications to defaulting homeowners who would otherwise face foreclosure, and any financial institution that participates is bound by HAMP's guidelines. *See id.* at 14.

[4] *Van Etten v. Wells Fargo, N.A.*, No. CV 18-11638, 2022 WL 11703733, at *1 (D.N.J. Oct. 20, 2022) ("Plaintiff alleges that the terms of the mortgage modification she entered into with Wells Fargo were predatory despite their compliance with all the HAMP guidelines. Plaintiff claims that the loan terms violate (1) [] The [CFA] and (2) the covenant of good faith and fair dealing.") (internal citations omitted); *id.* at *6 ("It is not entirely clear from the Complaint whether Plaintiff claims that Defendant should not have

2

Loan Modification was HAMP compliant and determined that Van Etten sought to hold

Wells Fargo liable under state law for contracting to do something that was mandated

under federal law.  The Court therefore concluded that her claims were preempted.

However, unlike a claim alleging unconscionability, certain state fraud and breach of

contract claims are not preempted by HAMP.  Accordingly, we will reverse and remand

for further proceedings.

## I.[5]

The Supremacy Clause provides that "the Laws of the United States . . . shall be

the supreme Law of the Land[.]"[6]  Consequently, federal law may preempt, i.e.,

invalidate, state law expressly or impliedly.[7]  Under the conflict preemption doctrine,

federal law "nullifies state law inasmuch as it conflicts with federal law, either where

compliance with both laws is impossible or where state law erects an 'obstacle to the

---

given her the HAMP Loan Modification that <u>she</u> requested or that Defendant should have deviated from the HAMP guidelines and given her more favorable terms than the regulations provided, such as forgiveness of the deferred principal balance.").

[5] We have jurisdiction to review the District Court's order granting summary judgment under 28 U.S.C. § 1291, and we apply a plenary standard of review.  *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017).

Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–159 (1970)).

[6] U.S. Const., Art. VI, cl. 2.

[7] *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373, 376–77 (2015).

accomplishment and execution of the full purposes and objectives of Congress.'"[8]  It makes no difference whether the federal law is a congressional statute or an agency regulation.[9]  Further, "[p]reemption can apply to all forms of state law, including civil actions based on state law."[10]  "The critical question . . . is always whether Congress intended that federal regulation supersede state law."[11]

The District Court concluded that Van Etten's claims are preempted by HAMP because allowing her state law claims to proceed would "upset the delicate balance of statutory objectives carefully expressed in the HAMP and set forth in the MHA Handbook."[12]  However, Van Etten alleges that Wells Fargo committed fraud in violation of the CFA by making a material misrepresentation about the loan's forgiveness, and that it failed to perform its implied obligations in violation of the covenant of good faith and fair dealing.  Although Van Etten's theories of liability are somewhat unclear in her Complaint, the two claims she seems to plead do not erect an "obstacle to the accomplishment and execution" of Congress' objectives to offer mortgage relief to defaulting borrowers.[13]  To the extent that Van Etten's state law claims are premised on causes of action relating to Wells Fargo's (i) failure to comply with its contractual

---

[8] *Farina v. Nokia Inc.*, 625 F.3d 97, 115 (3d Cir. 2010) (quoting *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985)).

[9] *See Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982) ("Federal regulations have no less pre-emptive effect than federal statutes.").

[10] *Farina*, 625 F.3d at 115.

[11] *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 357 (1986) (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947)).

[12] *Van Etten*, 2022 WL 11703733, at *7.

[13] *Farina*, 625 F.3d at 115 (internal quotation marks and citation omitted).

4

commitments, or (ii) purported fraud, misrepresentations, or omissions in inducing her to enter into a HAMP modification, such state law claims are not preempted.

The Seventh Circuit's decisions in *In re: Ocwen Loan Servicing, LLC v. Mortgage Servicing Litigation*[14] and *Wigod v. Wells Fargo Bank, N.A.*[15] are instructive. In *Ocwen Loan Servicing*, the Seventh Circuit had to decide whether over twenty state law claims, alleging wrongful acts by savings and loan associations, were preempted by the Home Owners Loan Act ("HOLA") and its implementing regulations.[16] The Court held that although the Office of Thrift Supervision asserts "plenary regulatory authority" over savings and loan associations, persons harmed by savings and loan associations are not deprived of their "basic state common-law-type remedies."[17] As relevant here, the Court recognized that ordinary "straight fraud claims" and breach of contract claims alleging fraud in contract formation, or failure to perform under the contract's terms, are not preempted.[18]

The Court reached the same conclusion in *Wigod*. There, a mortgagor sued Wells Fargo alleging it had unlawfully refused to modify her loan, in violation of a state consumer fraud statute and common-law contract obligations, even though she qualified

---

[14] 491 F.3d 638 (7th Cir. 2007).

[15] 673 F.3d 547 (7th Cir. 2012).

[16] 491 F.3d at 638; *see id.* at 641–42 (explaining that HOLA "was intended 'to provide emergency relief with respect to home mortgage indebtedness'" (quoting *Fidelity Fed. Savings & Loan Ass'n*, 458 U.S. at 159)).

[17] *Id.* at 643–44.

[18] *Id.* at 645–48; *see also Wigod,* 673 F.3d at 578–81 (holding that HAMP does not preempt breach of contract, common fraudulent representation, or state law consumer fraud statutory claims).

for a HAMP loan modification.[19] The Seventh Circuit held that the plaintiff's claims were not preempted by HAMP because she alleged that Wells Fargo failed to disclose certain material information in violation of relevant agreement terms and the HAMP guidelines.[20]

We agree with the Seventh Circuit and conclude that Van Etten's state law claims, to the extent that they are based on Wells Fargo's misrepresentation and fraud, are not preempted.[21] Accordingly, we will remand to the District Court to consider, in the first instance, the sufficiency of the evidence of those non-preempted claims that merely supplement, not supplant, federal law.

## III.

For the reasons explained above, we will reverse and remand to the District Court for further proceedings.

---

[19] *Id.* at 554.

[20] *Id.* at 578–79; *see also id*. at 580 (explaining that state fraud and breach of contract laws often "impose obligations parallel to those established in a federal program[,]" and "Treasury's own HAMP directive states that servicers must implement the program in compliance with state common law and statutes").

[21] Van Etten's claim that Wells Fargo reneged on a promise to forgive part of her loan was not presented until she opposed Wells Fargo's motion for summary judgment. Wells Fargo substantively engaged with this claim in its reply without objecting to it as an amendment to Van Etten's pleading. We thus leave it to the District Court to determine whether Van Etten constructively amended her complaint, adding a theory of liability, and whether Wells Fargo impliedly consented to such amendment. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 327 (3d Cir. 2012) (articulating the factors considered for amending a complaint by implied consent). If the District Court determines Wells Fargo has not consented to such amendment, the District Court should decide whether to nevertheless permit amendment. *See Evans Prod. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("This case is remanded to permit the district court to consider allowing Evans to amend its complaint.").